1  Hazel U. Poei (SBN 214928)
   hazel.poei@jacksonlewis.com
2  Ariel Beverly (SBN 324656)
   ariel.beverly@jacksonlewis.com
3  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5408
   Telephone: (213) 689-0404
5  Facsimile: (213) 689-0430

6  Attorneys for Defendant
   VIE de FRANCE YAMAZAKI, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORIA

| | |
|---|---|
| SECUNDINO ALVAREZ JORGE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>VIE DE FRANCE YAMAZAKI, INC. a Virginia Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441**<br><br>[Filed Concurrently with Civil Case Cover Sheet; Corporate Disclosure Statement; Declarations of David B. Conner and Hazel U. Poei and Exhibits Related Thereto; and Certification and Notice of Interested Parties]<br><br>Complaint Filed: December 23, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF SECUNDINO ALVAREZ JORGE AND HIS COUNSEL OF RECORD HEREIN**:

PLEASE TAKE NOTICE that Defendant VIE de FRANCE YAMAZAKI, INC. ("VdFY" or "Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles to the

United States District Court, Central District of California. 28 U.S.C. §§ 1332, 1441(a) and 1441(b).

## STATEMENT OF JURISDICTION

1. The district court has diversity jurisdiction under 28 U.S.C. § 1332(a) where the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. As set forth below, both requirements are satisfied here. Therefore, this Court has subject matter jurisdiction over this case.

2. As set forth below, jurisdiction within the district court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## PLEADINGS AND PROCESS

3. On December 23, 2020, Plaintiff SECUNDINO ALVAREZ JORGE ("Plaintiff") filed a civil complaint against Defendant in the Superior Court for the State of California in the County of Los Angeles, entitled *Secundino Alvarez Jorge vs. Vie de France Yamazaki, Inc.*, Case No. 20STCV49084, which sets forth eight causes of action: (a) discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (b) retaliation in violation of the FEHA; (c) failure to prevent discrimination and retaliation in violation of the FEHA; (d) retaliation in violation of the FEHA § 12945.2; (e) failure to provide reasonable accommodations in violation of the FEHA; (f) failure to engage in the interactive process in violation of the FEHA; (g) declaratory judgment; and (h) wrongful termination in violation of public policy ("Complaint"). [Declaration of Hazel U. Poei ("Poei Decl.") ¶ 3, Ex. A].

4. Defendant was served with Plaintiff's Summons and Complaint and related court documents on January 21, 2021. True and correct copies of the Summons, Complaint and other related court documents received by Defendant on January 21, 2021 are filed concurrently herewith. [Poei Decl., ¶ 3, Ex. A].

5. On February 10, 2021, Defendant filed and served its Answer in the Los Angeles County Superior Court. A true and correct copy of Defendant's Answer is filed concurrently herewith. [Poei Decl., ¶ 4, Ex. B].

## TIMELINESS OF REMOVAL

6. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days of the service of the Summons and Complaint. See *Destfino v. Reiswig* (9th Cir. 2011) 630 F.3d 952, 956.

7. Given the January 21, 2021 service of Plaintiff's Summons and Complaint in this action upon Defendant, this Notice of Removal is timely in that the removal is occurring within 30 days after service was complete.

## NOTICE TO ALL PARTIES AND STATE COURT

8. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

## VENUE

9. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84 (b), 1391, and 1441(a), which expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending."

## REMOVAL BASED ON DIVERSITY JURISDICTION

10. As stated above, the Court properly exercises diversity jurisdiction where the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. 28 U.S.C. §§ 1332(a), 1441, 1446.

11. For diversity purposes, a person is a "citizen" of the state in which he/she is domiciled. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857; *LeBlanc v.*

*Cleveland* (2nd Cir. 2001) 248 F.3d 95, 100.  Residence is *prima facie* evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520.  Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transp. Ass'n of America* (9th Cir. 2002) 300 F.3d 1129, 1131.

12. A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test."  *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 80–81.  Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the corporation's activities.  *Id*.  A corporation can only have one "nerve center."  *Id.* at 1193–95.  In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state.  *Id*.  A corporation's principal place of business is normally the place where the corporation maintains its headquarters.  *Id.* at 1191–95.

13. Plaintiff was, at the time of filing of the Complaint, and still is, a resident of the State of California within the meaning of 28 U.S.C. § 1332(a).  [Poei Decl., ¶ 3, Ex. A, Complaint, ¶ 1.]

14. Plaintiff correctly alleges in the Complaint that Defendant is a "Virginia corporation that conducts business in the County of Los Angeles, State of California." [Poei Decl., ¶ 3, Ex. A, Complaint, ¶ 3.]

15. Both at the time Plaintiff filed the Complaint and the present, Defendant is a Virginia corporation with its principal place of business in Vienna, Virginia. [Declaration of David B. Conner ("Conner Decl."), ¶¶ 3-4.]  Defendant's corporate headquarters in Vienna, Virginia houses its senior management, accounting, financial,

legal, information, operations, safety, and human resources operations. [*Id.* at ¶ 5]. Defendant directs, controls, and coordinates its activities from Vienna, Virginia. [*Id.*]

16. Thus, Defendant is a citizen of Virginia where it is incorporated and where its principal place of business is located. Thus, Defendant is not a citizen of California, but of Virginia.

17. The citizenship of fictitiously named "Doe" defendants is disregarded for removal purposes. 28 U.S.C. §1441(a). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no bearing on the ability to remove.

18. Accordingly, Defendant is not a citizen of the State of California and complete diversity of citizenship exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

19. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." In measuring the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." See *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001 (the amount in controversy analysis presumes "plaintiff prevails on liability"); and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993)("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc*. (9th Cir. 2002) 281 F.3d 837, 840, fn. 1.

20. Though Defendant concedes no liability on Plaintiff's claims, the amount in controversy on Plaintiff's claims would place in controversy a sum greater than $75,000.

Plaintiff's allegations satisfy the amount in controversy requirement for all the reasons set forth below.

21.  Plaintiff seeks compensatory damages. [Poei Decl., ¶ 3, Ex. A, Complaint, Prayer for Relief.]  Plaintiff's employment ended around September 13, 2019. [Conner Decl., ¶ 7.] Plaintiff earned approximately $14.65 per hour at the time his employment ended. [*Id.*] Estimating that Plaintiff worked 40 hours per week, Plaintiff earned $586 per week.  Plaintiff filed the instant action on December 23, 2020. [Poei Decl., ¶ 3.] From the date of his separation in September 2019 to the projected trial date (conservatively estimated at one year from the date Plaintiff filed his Complaint), almost two and a half years will have transpired (or 118 weeks).  Based upon Plaintiff's hourly rate at the time of his separation, Plaintiff potentially could recover approximately **$69,148** in lost wages during this time period.

22.  Plaintiff also seeks attorneys' fees. [Poei Decl., ¶ 3, Ex. A, Complaint, Prayer for Relief.] The amount in controversy may include attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155–56 and *Goldberg v. CPC Int'l, Inc*. (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982)(attorneys' fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See e.g*., *Simmons v. PCR Tech.* (2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages).  Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Chavez v. JPMorgan Chase & Co*. (9th Cir. 2018) 888 F.3d 413, 416; *Galt G/S*, 142 F.3d at 1155–56.  Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035.  Plaintiff's lead attorney in this case, Ramin R. Younessi, was admitted to practice law in California in 1994. [Poei Decl. ¶ 5, Ex. C.]  At an assumed rate of $600 per hour, Mr. Younessi would need to spend only 125 hours of attorney time (a conservative estimate of time spent through trial) to

incur **$75,000** in reasonable attorney's fees (125 x $600 = $75,000). Moreover, attorneys' fees awards in employment matters often exceed $75,000. *See, e.g. Wysinger v. Auto. Club of S. Cal.* (2007) 157 Cal. App. 4th 413, 430–31 (upholding attorneys' fee award of $978,791 for discrimination/retaliation case that proceeded to trial).

23. Defendant's attorney, Hazel U. Poei, has represented employers in employment litigation for over 20 years in California and is familiar with fees awarded to plaintiffs' counsel in similar actions filed in California and federal court. [Poei Decl., ¶ 6.] Based on Ms. Poei's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial.

24. Plaintiff also alleges emotional distress and seeks general damages in this action. [Poei Decl., ¶ 3, Ex. A, Complaint, Prayer for Relief.] General damages (*i.e.*, damages for emotional distress) are included in the amount in controversy. *Simmons*, 209 F. Supp. 2d at 1033. Even if Plaintiff's general damages are just one-half of his loss of earnings damages, this would calculate to over **$38,656** in general damages by the time of trial.

25. Plaintiff also seeks punitive damages, which are included in calculating the amount in controversy. [Poei Decl., ¶ 3, Ex. A, Complaint, Prayer for Relief.] *Davenport v. Mutual Ben. Health & Acc. Ass'n* (9th Cir. 1963) 325 F.2d 785, 787; *see also*, *Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332, 334. In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages 'might alone' exceed the jurisdictional minimum." *Aucina*, 871 F.Supp. at 334.

26. In sum, Plaintiff's Prayer for Relief demands, *inter alia*, "compensatory damages including lost wages, earnings, . . . and other employee benefits; special

damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity; . . . prejudgment interest; . . . punitive damages; . . . costs of suit, attorneys' fees, and expert witness fees." The sum of Plaintiff's alleged lost wages and purported damages specified in his Prayer for Relief conservatively total **$ 182,804**, easily satisfying the $75,000 threshold. Therefore, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied.

## CONCLUSION

27. This action is therefore removable because complete diversity of citizenship exists between Plaintiff and all defendants and no defendant is a citizen of California.

28. Based on the foregoing, this action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441, *et seq*. because the action is between citizens of different states, and based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to the United States District Court, Central District of California.

Dated: February 12, 2021                                              JACKSON LEWIS P.C.


By:      /s/ Hazel U. Poei
         Hazel U. Poei
         Ariel Beverly

         Attorneys for Defendant
         VIE de FRANCE YAMAZAKI, INC.

4848-0968-3163, v. 3